**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Rose, as personal representative for the of estate Bradley Rose and as personal representative on behalf of all statutory beneficiaries of Bradley Rose, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>Matthew Farney, et al.,<br><br>    Defendants. | No. CV-22-08055-PCT-JAT<br><br>**ORDER** |

  Pending before the Court is a joint discovery dispute from the parties. (Doc. 44). The dispute centers on redactions made by Defendants to a "a call detail report regarding the dispatch call." (Doc. 44). Defendants made the redactions claiming "the information is confidential under A.R.S. §§ 41-1750, A.R.S. 41-1756 and 28 CFR § 20.33 (confidentiality for NCIC information)" because the redacted information is from the Arizona Criminal Justice Information System ("ACJIS"). (*Id.*).

  The Court will require additional information to resolve this dispute. Accordingly, Defendants will be required to file a supplemental brief addressing each of the following:

1) In what format is this information? Specifically, is it a printout directly from ACJIS, or a summary made by an individual of the information received from ACJIS?
2) Do Defendants take the position that the *content* of the information can never be disclosed, meaning do Defendants take that position that in a deposition an

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

officer could not testify as to what he/she was told or read regarding a person's history because that information came from ACJIS; or are Defendants merely arguing that a literal print out from ACJIS is not discoverable, but the substance of the information is discoverable from other sources?

3) Why disclosure is not available under: "T. Nothing in this section prevents a criminal justice agency from disclosing to the public criminal history record information that is reasonably contemporaneous to the event for which an individual is currently within the criminal justice system, including information noted on traffic accident reports concerning citations, blood alcohol tests or arrests made in connection with the traffic accident being investigated." A.R.S. § 41-1750.

4) Why disclosure is not available under: "Q2. Dissemination to an authorized agency or individual may be accomplished by a criminal justice agency only if the dissemination is for criminal justice purposes in connection with the prescribed duties of the agency and not in violation of this section." A.R.S. § 41-1750.

5) Discuss whether Defendants argue *Alberty v. Hunter*, 343 F.R.D. 1, 15 (D. Conn. 2022) (finding federal law does not prevent the disclosure of NCIC information in comparable civil ligation relying on cases from New York, West Virginia, and Texas reaching the same conclusion) is wrongly decided and why.

6) Whether the redacted information is actually information of the deceased. Specifically, was the response mistakenly information of another person therefore Defendants take the position that it cannot be disclosed because it is not information related to this case?

7) What is the public policy behind non-disclosure, and specifically, if it is to protect the suspect (namely Bradley Rose) can his estate waive such protection and receive the information? If Defendants' position on this question is that it is non-waivable, does A.R.S. § 41-1750 contain any provision to allow an estate

to request a copy of the deceased's criminal history? Does A.R.S. § 41-1750(G)(7) apply here?

8) To the extent Defendants take the position that all of the foregoing still prevents disclosure to Plaintiff, explain under what exception a police agency can disclose ACJIS information to their counsel in civil litigation (or whether the information must be redacted prior to disclosure to counsel)?

9) Whether Arizona state disclosure statutes apply in federal court. *See Agster v. Maricopa Cnty.*, 422 F.3d 836, 839 (9th Cir. 2005) (holding that the Arizona Peer Review Privilege, which was created by state statute, did not apply in federal court finding, "we are not bound by Arizona law" and, as to the state law claims, "[w]here there are federal question claims and pendent state law claims present, the federal law…applies.").

In addition to briefing these questions, Defendants shall attach to their brief a copy of the privilege log for the Court's review. Plaintiff shall respond and Defendants shall reply within the deadlines set below. In the response, Plaintiff must address:

1) Each item Defendants addressed above.

2) If Defendants state in response to 2 above that the content of this information is discoverable from other sources, Plaintiff just cannot have access to a copy of a literal printout from ACJIS, why taking the deposition of the officers is not sufficient?

3) Whether Plaintiff argues *Klatt v. Arpaio*, No. CV-14-2711-PHX-SPL, 2016 WL 11663760 (D. Ariz. July 18, 2016) is wrongly decided and if yes, why.

4) Whether A.R.S. § 41-1750(Q)(4) would equally cover "no information" if the Court otherwise concludes "ACJIS information" is non-discoverable.

5) In the joint brief, Plaintiff argues that § 41-1750 as a whole does not apply to this case because it merely limits making the criminal history database generally, publicly available. (Doc. 44). Plaintiff (perhaps due to the Court's briefing limits) provides no citation for this theory. If Plaintiff is correct, then upon

request, it would seem all information in the database would be disclosable under the Freedom of Information Act (or analogous state statute) or discoverable en masse for comparison purposes (if relevant) in all civil litigation. Such a result seems to be clearly inconsistent with the purpose behind the statute. Further, Plaintiff's concerns about an individual receiving his or her own history appear to be addressed by A.R.S. § 41-1750(G)(7). If Plaintiff continues to advance this theory, Plaintiff must more robustly, and with citation, explain why the whole of A.R.S. § 41-1750 does not apply to civil litigation.

Any topic above not addressed by either party in their subsequent filing will be deemed to be waived. For example, if Defendants elect not to brief why A.R.S. § 41-1750(T) does not permit disclosure in this case, the Court will find Defendants to have conceded that it allows disclosure. Similarly, if Plaintiff elects not to brief why A.R.S. § 41-1750 does not apply in civil litigation, the Court will deem Plaintiff to have waived this argument in support of disclosure.

Consistent with the foregoing,

**IT IS ORDERED** that Defendants shall filed the supplemental brief required above by March 13, 2023. Plaintiff shall respond within 14 days. Defendants shall reply within 7 days.

**IT IS FURTHER ORDERED** that after Plaintiff files a response, but before Defendants file a reply, the parties must have another meet and confer.

Dated this 27th day of February, 2023.

James A. Teilborg
Senior United States District Judge