**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Rose, as personal representative for the of estate Bradley Rose and as personal representative on behalf of all statutory beneficiaries of Bradley Rose, deceased,<br><br>Plaintiff,<br><br>v.<br><br>Matthew Farney, et al.,<br><br>Defendants. | No. CV-22-08055-PCT-JAT<br><br>**ORDER** |

**I.      Issue**

Pending before the Court is a joint discovery dispute from the parties.  (Doc. 44).  The dispute centers on redactions made by Defendants to a "a call detail report regarding the dispatch call."  (Doc. 44).  Defendants made the redactions claiming "the information is confidential under A.R.S. §§ 41-1750, A.R.S. 41-1756 and 28 CFR § 20.33 (confidentiality for NCIC information)" because the redacted information is from the Arizona Criminal Justice Information System ("ACJIS").  (*Id*.).

In short summary, Plaintiff seeks the criminal history of the deceased (Bradley Rose) that was known to the officers at all relevant times.  Defendants claim that state and federal law prevents them from disclosing the exact information received from ACJIS.

On February 27, 2023, the Court ordered the parties to file supplemental briefs on a variety of topics.  Two of those topics included other ways for Plaintiff to obtain the information: 1) through a deposition of the responding officers and/or; 2) by requesting it

1   pursuant to A.R.S. §41-1750(G)(7).  The Court will address each of these alternatives in

2   turn.

3       **1. Depositions**

4       The parties' positions on why this information cannot be elicited through

5   depositions are as follows.  Defendants state:

6           …Defendants do not read §41-1750 or §41-1756 as preventing an
        officer from testifying regarding their mental impressions or knowledge of
7       Bradley Rose's criminal history.  In other words, the officers could testify
        whether they were aware of any criminal history at the time of their
8       involvement in this incident.  However, because A.R.S. §41-1750(Z)(11)
        includes "confirming the existence or non-existence of criminal history
9       information" within ACJIS, the officers could not testify whether the
        information came from the ACJIS/NCIC system.

10  (Doc. 48 at 3).

11      Plaintiff states:

12          It is difficult to reconcile Defendants' argument that an officer could
        orally communicate to Rose at a deposition the same information
13      Defendants' claim cannot be produced in discovery by way of a written
        document.
14          …
        TAKING THE DEPOSITIONS OF THE OFFICERS IS
15      INSUFFICIENT. Rose already took the depositions of the named defendant
        deputy sheriffs.  Their testimony was inconsistent with what they would have
16      learned from the NCIC/ACJIS.  For example, one of the deputy sheriffs
        claimed that they would not have learned from NCIC whether an agency
17      other than the Mohave County Sheriff Office had a history with Bradley
        Rose.  The testimony of other deputy sheriffs, when asked about what they
18      knew of Bradley's history during the incident, seemed somewhat non-
        responsive and qualified to Bradley's history with their Department as well.
19      It is imperative that Rose be permitted to discover what the officers knew of
        Bradley in the time leading up to the deadly shooting.
20
    (Doc. 55 at 2, 8).

21

22      In some respects, the Court agrees with Plaintiff that the officers testifying to exactly

23  what they learned from the ACJIS system, as long as they do not confirm that is where they

24  learned it from, seems to elevate form over substance.  Nonetheless, the officers can and

25  will, by way of deposition, tell Plaintiff exactly what they learned from the ACJIS system,

26  which is the information Plaintiff claims is needed in this case.  Plaintiff's complaint that

27  an officer's answers at the deposition were somewhat non-responsive is unavailing because

28  Plaintiff's counsel was taking the deposition and was able to ask as many follow-up or

1    clarifying questions as necessary to learn this information.  Plaintiff cannot create a need

2    to receive this information from a different source by choosing not to probe the first source.

3    Additionally, Plaintiff's complaint that one officer was wrong about what ACJIS would

4    contain simply goes to the officer's credibility and competence.  It does not change what

5    the officer actually knew at the time, which is what Plaintiff claims is "imperative."

6           Based on the parties briefing, the Court will allow Plaintiff to re-depose every

7    responding officer.  These re-depositions are solely for the purpose of learning what each

8    officer knew about Bradley Rose's criminal history and when they knew this information.

9    Each re-deposition shall not exceed one hour.  These re-depositions must be completed

10   within 30 days of the date of this Order.

11          If Plaintiff claims that through these re-depositions Plaintiff was not able to learn

12   the information it seeks, Plaintiff must attach a copy of the re-deposition transcript for each

13   officer to the supplemental brief required below so the Court can review the questions and

14   answers.   Whether Plaintiff asks thorough questions, and whether the officers give

15   thorough answers, will impact any award of fees the Court may consider if this issue is

16   unresolved via these depositions.

17          **2.  A.R.S. §41-1750(G)(7)**

18          The parties' positions regarding Plaintiff's ability to request this information via

19   A.R.S. §41-1750(G)(7) are as follows.  Defendants state:

20          A.R.S. §41-1750(G)(7) and Ariz. Admin. Code § 13-1-107 allow a person
21          (and, presumably, his estate) to request a copy of his criminal history from
             the Arizona Department of Public Safety.  Instructions for doing so may be
22          found      here:      https://www.azdps.gov/services/public/records/criminal.
             However, neither the federal or statutes, nor the implementing regulations
23          allow the County to make this disclosure.

24   (Doc. 48 at 7).

25          Plaintiff states:

26               Defendants also submit that Rose may request a copy of Bradley's
             criminal history from the Arizona Department of Public Safety, but that the
27          County may not make the disclosure.  Nothing in A.R.S. 41-1750(G)(7)
             prohibits disclosure to Rose of the unredacted documents sought in this case.
28          In fact, subsection (G) refers to the exchange of information through the
             ACJIS.  Requiring Rose to request a copy of Bradley's criminal history in
             the manner set forth by Defendants would frustrate the important interests at

                                                     - 3 -

stake, including broad discovery, truth-seeking and vindicating the important policy embedded in 42 U.S.C. § 1983. *See King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988) (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). This is because the value of the information lies in not only the content, but also the timing of the information communicated to the defendant officers.

(Doc. 55 at 7).

In their reply, Defendants refute that they can be used as a substitute means to obtain this information, and instead argue that Plaintiff must go through the statutorily provided channel to request this information. (Doc. 59 at 4-5).

Plaintiff's supplemental brief makes clear that Plaintiff strongly believes Plaintiff needs this information. Defendants have offered an acceptable means for Plaintiff to obtain this information to then test against the officer's answers at deposition. Yet, other than preferring to receive the information from Defendants, Plaintiff offers no explanation why he has not requested the information via A.R.S. §41-1750(G)(7) and Ariz. Admin. Code § 13-1-107. Plaintiff's argument that he must know the "timing" of when the officers learned the information is satisfied by the fact that the time stamps on the call detail report show when each officer learned the information (Doc. 48-1) and Plaintiff can further probe this issue in the re-depositions.

Within 7 days of this Order, Plaintiff must attempt to obtain this information through the statutorily provided channels. In the supplemental brief required below, Plaintiff must explain when he made the request, and whether the criminal history was provided as a result of the request. If the criminal history was not provided, Plaintiff must attach to the supplemental brief what response was received.

## II.    Conclusion

**IT IS ORDERED** that Plaintiff must request the criminal history information via A.R.S. §41-1750(G)(7) and Ariz. Admin. Code § 13-1-107 within the deadline set forth above.

**IT IS FURTHER ORDERED** that Plaintiff may re-depose the officers on the terms and within the deadline set forth above.

**IT IS FINALLY ORDERED** that Plaintiff shall file an additional supplemental

brief within 45 days of this Order regarding whether Plaintiff has received the necessary information such that this discovery dispute is resolved.  If Plaintiff has not received the information to Plaintiff's satisfaction, Plaintiff must explain in the supplemental brief why the foregoing steps were not sufficient, what information remains outstanding, and why such information is necessary to this case.  As necessary, after receiving this further supplemental brief, the Court will rule on the legal arguments in the parties' supplements (Docs. 48, 55, 59).

Dated this 7th day of April, 2023.

James A. Teilborg
Senior United States District Judge