**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Michael Rose, as personal representative for the estate of Bradley Rose and as personal representative on behalf of all statutory beneficiaries of Bradley Rose, deceased,

Plaintiff,

v.

Matthew Farney, et al.,

Defendants.

No. CV-22-08055-PCT-JAT

**ORDER**

Pending before the Court is Defendants' motion to exclude the opinions of expert Roger Clark. (Doc. 129). Plaintiff responded, (Doc. 177), and Defendants replied, (Doc. 187). The Court now rules.[1]

## I. BACKGROUND

In April 2022, Plaintiff filed suit against Sheriff Schuster and Mohave County Deputies Cardenas, Farney, Godfrey, and Shrader, raising a number of federal and state law claims arising out of the deadly shooting of Bradley Rose ("Decedent"). (Doc. 1 at 9–16). And in September 2023, the Court granted Defendants' motion for partial summary judgment, (Doc. 57), as to all federal claims and dismissed all remaining state law claims

[1] In the Court's order setting the final pretrial conference, the Court asked counsel to hold all day Thursday, November 5, 2026, for the Court to conduct *Daubert* hearings if necessary. (Doc. 114 at 1). Neither party has requested oral argument on the *Daubert* motion. The issues are fully briefed, and oral argument would not have aided the Court's decisional process. *Patridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998). Accordingly, the Court finds no reason to conduct a *Daubert* hearing.

without prejudice after declining to exercise supplemental jurisdiction, (Doc. 99 at 17). Plaintiff appealed. (Doc. 102). The Ninth Circuit Court of Appeals affirmed in part but reversed this Court's grant of summary judgment in favor of Deputy Farney on Plaintiff's § 1983 excessive force claim. (Doc. 107-1 at 2, 5). Because Deputy Farney was not entitled to qualified immunity, the Court of Appeals also held this Court erred in granting summary judgment in favor of Sheriff Schuster. (*Id.* at 5).

Shortly after, the parties stipulated to the dismissal of Plaintiff's state-law negligence and gross negligence claims with prejudice. (Doc. 115; Doc. 116). Sheriff Schuster then moved for summary judgment as to the § 1983 failure to train claim on different grounds than his original motion for summary judgment and the vicarious liability state law battery and wrongful death claims. (Doc. 117 at 1). The Court granted Sheriff Schuster's motion in part as to the § 1983 failure to train claim but denied it as to the state law vicarious liability battery claim. (Doc. 124 at 20).

In sum, Plaintiff has three remaining claims against Defendants Farney and Schuster: a § 1983 excessive force claim against Deputy Farney, a state law battery claim against Deputy Farney and Sheriff Schuster (vicarious liability), and a state law wrongful death claim against Deputy Farney and Sheriff Schuster (vicarious liability).

## II. DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY

Defendants seek to exclude the expert testimony of Mr. Clark in its entirety. (Doc. 129). The motion is fully briefed. (Doc. 129; Doc. 177; Doc. 187).

### A. Legal Standard

Rule 702 of the Federal Rules of Evidence tasks a district court judge with "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc. (Daubert I)*, 509 U.S. 579, 597 (1993). Rule 702 provides that expert testimony is admissible if:

> (1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient facts or data; (4) the testimony is the product of reliable principles and

> methods; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case.

*City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014).

Because "[e]xpert evidence can be both powerful and quite misleading," trial judges act as gatekeepers by making a preliminary assessment on whether proffered expert testimony is admissible. *Daubert*, 509 U.S. at 589, 595, 597. Specifically, "the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Id.* at 589.

To satisfy Rule 702: (1) the expert must be qualified, (2) the expert's opinion must be reliable in that it is based on sufficient facts or data and is the product of reliable principles and methods, and (3) the expert's testimony must fit the case such that the expert's opinions are relevant. *See Daubert*, 509 U.S. at 588, 591–93. If the proposed testimony is relevant and reliable, its proponent is "entitled to have the jury decide upon [its] credibility, rather than the judge." *United States v. Sandoval-Mendoza*, 472 F.3d 645, 656 (9th Cir. 2006).

**B. Discussion**

To begin, the Court notes that Plaintiff agrees to exclude the following portions of Mr. Clark's opinions:

> (Opinion #3) Taking Deputy Farney's set of facts as true that Mr. Rose was shot multiple times, struggling to breathe, bleeding profusely and seriously wounded, then Deputy Godfrey's handcuffing of Mr. Rose for seventeen minutes, was an excessive use of force that would not be used by a reasonable officer, and also contrary to policy and the law (as taught by AZPOST).
>
> (Opinion #4) Taking the Deputies set of facts as true, that they had the discretion as to whether or not a suspect should be handcuffed or remain in handcuffs, and that all were present during the 17 minutes that Mr. Rose was handcuffed, then all Deputies present failed to intervene or were integral participants in the excessive use of force related to the handcuffing of Mr. Rose.

(Doc. 129-1 at 17; Doc. 177 at 4). Plaintiff further concedes that he will not introduce "the portions of Opinions 5, 7, and 8 directed solely to departmental customs,

inadequate training or supervision, or deficient policies as grounds for imposing liability under dismissed claims;" "Opinion 6's characterization of Deputy Farney's tactics as 'negligent;'" and "the legal conclusions appearing in Opinions 1, 2, and 8 that Deputy Farney's conduct was excessive or unreasonable, violated the law as taught by AZPOST, or reflected deliberate indifference." (Doc. 177 at 4).

Defendants, however, move to exclude all expert testimony from Mr. Clark because his opinions lack reliability and are irrelevant. (Doc. 129 at 1–2). The Court addresses each argument in turn.

**1. Qualifications**

As an initial matter, the Court must determine whether the witness is qualified as an expert by "knowledge, skill, experience, training, or education." *Wagner v. ABW Legacy Corp., Inc.*, No. CV-13-2245-PHX-JZB, 2016 WL 880371, at *5 (D. Ariz. Mar. 8, 2016) (quoting Fed. R. Evid. 702). Because this rule "contemplates a *broad conception* of expert qualifications," only a "minimal foundation of knowledge, skill, and experience" is required. *Id.* (quoting *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1015–16 (9th Cir. 2004)). A "lack of particularized expertise goes to the weight of [the] testimony, not its admissibility." *Id.* (quoting *United States v. Garcia*, 7 F.3d 885, 890 (9th Cir. 1993)).

Defendants argue that Mr. Clark is not qualified to give medical opinions on whether Decedent was experiencing a mental health crisis, whether Deputy Farney should have identified that Decedent was experiencing a mental health crisis, or whether the other officers should have provided medical care. (Doc. 129 at 15). Plaintiff agrees to exclude testimony from Mr. Clark that diagnoses Decedent, establishes that Decedent was experiencing a mental health crisis, or prescribes appropriate medical treatment. (Doc. 177 at 12). And Plaintiff will not offer the report's criticisms of other deputies' post-shooting medical care. (Doc. 177 at 13). The Court therefore finds this argument moot.[2]

[2] The Court also notes that Defendants do not challenge Mr. Clark's general qualifications as a police practices expert until their reply brief. (*See* Doc. 187 at 5) (arguing that even if the Court finds Clark qualified to opine on national use of force standards, he should still be precluded from testifying about certain policies, training, and whether Deputy Farney

**2. Reliability**

Next, the Court must ensure that the proffered expert testimony is reliable. Defendants challenge the reliability of Mr. Clark's opinions on multiple grounds.

a. Lack of Reliable Methodology

Defendants first argue that Mr. Clark's opinions should be excluded in their entirety because his "opinions on the standards for use of lethal force lack any reliable methodology," and therefore, "[Mr.] Clark cannot reliably opine that [Deputy] Farney failed to comply with any lethal force standard." (*Id.* at 3; *see also* Doc. 187 at 5). In support, Defendants contend that Mr. Clark fails to cite any sources, methodology, peer reviewed studies, or data he relied on to support his opinions on the standards of force in response to a suspect's behavior. (*Id.*) And although Mr. Clark lists various materials he reviewed, the materials only relate to Deputy Farney's use of force in the case and not any generally accepted national standards. (*Id.* at 3–4). Further, Defendants argue that to the extent Mr. Clark relied on undisclosed materials in forming his opinion, these materials must be disclosed. (*Id.* at 4). Plaintiff counters that Mr. Clark may opine on "police conduct in light of training and professional norms," such as "accepted practices concerning an officer's approach, commands, de-escalation, available backup, contact and cover, and weapon retention." (Doc. 177 at 4).

Regarding Defendants' argument that Mr. Clark's opinions are entirely unreliable due to his failure to cite the sources for his opinions, the Court disagrees. Plaintiff correctly points out that Mr. Clark cited to the investigative interviews, surveillance recordings, body camera recordings, photographs, deposition transcripts, dispatch communications, training records, and departmental policies he reviewed. (*Id.* at 6 (citing Doc. 129-1 at 4–9)). Therefore, the Court declines to find that Mr. Clark's opinions are entirely unreliable on this basis.

---

complied with such policies). The Court finds this argument waived and declines to address it. *Symbiont Nutrition LLC v. W. Agric. Ins. Co.*, 671 F.Supp.3d 991, 998 (D. Ariz. May 2, 2023) (citing *Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008)). Moreover, Defendants concede in their *Daubert* motion that Mr. Clark "is a police procedures expert." Due to this concession, the Court likewise finds no reason to address whether Mr. Clark is qualified to testify as a police procedures expert.

The Court is equally unpersuaded by Defendants' argument that the materials Mr. Clark reviewed do not comport with "generally accepted national standards." (Doc. 129 at 4). The test of reliability is flexible and requires the district court to "assess the expert's reasoning or methodology, using as appropriate criteria such as testability, publication in peer-reviewed literature, known or potential error rate, and general acceptance." *City of Pomona*, 750 F.3d at 1044. These factors are nonexclusive, and "the trial court has discretion to decide how to test an expert's reliability . . . based on the particular circumstances of the particular case." *Id.* (quoting *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010)). Accordingly, the Court finds it inappropriate to exclude Mr. Clark's opinions in their entirety based on the reasoning that Mr. Clark failed to cite materials that comport with generally accepted national standards.

To the extent Plaintiff seeks to admit Mr. Clark's opinion that Deputy Farney approached Decedent with his firearm drawn and attempted physical control with only one available hand, the Court will determine whether this testimony is reliable. Plaintiff contends that Mr. Clark explains police procedures and their application to Deputy Farney's approach. (Doc. 177 at 6). "A trial court not only has broad latitude in determining whether an expert's testimony is reliable, but also in deciding *how* to determine the testimony's reliability." *Elsayed Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1064 (9th Cir. 2002), *amended sub nom. Mukhtar v. Cal. State Univ., Hayward*, 319 F.3d 1073 (9th Cir. 2003). Defendants concede that it would not be "inappropriate for [Mr.] Clark to opine on whether [Deputy] Farney's use of force complied with policies or procedures," provided Mr. Clark had "properly supported or disclosed [those] opinions." As analyzed above, Mr. Clark has properly supported his opinions by citing the investigative interviews, surveillance recordings, body camera recordings, photographs, deposition transcripts, dispatch communications, training records, and departmental policies he reviewed. The Court finds no reason to exclude this portion of Mr. Clark's opinion at this time.

b. Failure to Consider Additional Facts

Defendants next argue that Mr. Clark failed to consider certain portions of Deputy Farney's testimony, and therefore Mr. Clark's testimony is "fundamentally unreliable." (Doc. 129 at 4–5). Specifically, Mr. Clark failed to consider that Decedent twice grabbed Deputy Farney's firearm and punched him in the head. (*Id.* at 4). And Mr. Clark impermissibly opines that Deputy Farney "could not have reasonably believed that any of the above circumstances existed at the time he used deadly force on [Decedent]." (*Id.* at 5 (citing Doc. 129-1 at 16)).

Plaintiff concedes that he will not offer the portion of Mr. Clark's testimony relating to the conclusion that "Deputy Farney could not reasonably have believed deadly force was necessary because [Decedent] possessed no firearm and made no verbal threat." (Doc. 177 at 7 (citing Doc. 129-1 at 17)). And Plaintiff correctly points out that Mr. Clark's report addresses Deputy Farney's version of the events. (*Id.* at 8). Indeed, Mr. Clark's report notes that according to Deputy Farney, Decedent struck him in the temple. (Doc. 129-1 at 12). Further, unless an expert's opinion lacks enough accurate factual information to provide a reasonable factual foundation, "criticism of an expert's decision to base an opinion on some facts but not others should be challenged through the traditional means at trial, not through a *Daubert* motion." *IceMos Tech. Corp. v. Omron Corp.*, No. CV-17-02575-PHX-JAT, 2019 WL 4750129, at *9 (D. Ariz. Sept. 30, 2019). Accordingly, the portion of Defendants' motion to preclude regarding whether Mr. Clark may offer legal conclusions on whether Defendant Farney could have reasonably believed deadly force was necessary is moot because Plaintiff concedes he is not offering that opinion; as to all other aspects of Defendants' argument that Mr. Clark's opinions are unreliable because he failed to consider additional facts, the motion to preclude is denied without prejudice to Defendants cross-examining Mr. Clark during trial regarding what facts he considered and raising any objections that may arise during the course of trial.

c. Lack of Sufficient Facts and Data

Defendants next argue that Mr. Clark "fails to provide sufficient facts to establish that Deputy Farney violated any standard or policy." (Doc. 129 at 6). Specifically, Defendants take issue with the following opinion: Deputy Farney's use of force was contrary to Mohave County Sheriff's Office and AZPOST's standards. (*Id.*).

Expert opinion must be based on specific facts. *Guidroz-Brault v. Mo. Pac. R. Co.*, 254 F.3d 825, 831 (9th Cir. 2001). "When an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict." *Rebel Oil Co. v. Atl. Richfield Co.*, 51 F.3d 1421, 1436 (9th Cir. 1995) (quoting *Brooke Grp. Ltd. V. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993)).

Plaintiff correctly argues that Mr. Clark's report indicates which specific policies and procedures Mr. Clark referenced in forming his opinion: "AZ Post Behavioral Health Crisis Response 3.4, Excited-agitated Delirium Poster, PP Training Young v. Kileen, Handout re Tactics and Police Procedures Young v. Kileen, MSCO Policy 300 Use of Force, MSCO Policy 307 Vehicle Pursuits, and MSCO Policy 420 Body Worn Camera." (Doc. 129-1 at 8; Doc. 177 at 9). This information sufficiently apprises Defendants of the materials Mr. Clark reviewed in forming his opinions. *See McGough v. Penzone*, No. CV-18-01302-PHX-DJH, 2021 WL 1575054, at *4 (D. Ariz. April 22, 2021) (noting that expert testimony regarding police procedures in a use of force case may be proper to the extent it is based on sufficient facts or data). And Defendants will have the opportunity to cross-examine Mr. Clark to challenge the weight of his opinions. Accordingly, the Court finds that Mr. Clark's opinions are based on sufficient factual foundation.

**3. Relevance**

The Court has a duty to ensure that the testimony is "relevant to the task at hand" in that it "logically advances a material aspect of the proposing party's case." *Daubert II*, 43 F.3d at 1315 (quoting *Daubert I*, 509 U.S. at 597). Expert testimony is relevant if it assists the trier of fact in understanding evidence or in determining a fact in issue. *Daubert I*, 509

U.S. at 591. Thus, the party proffering such evidence must demonstrate a valid scientific connection, or "fit," between the evidence and an issue in the case. *Id.*

Defendants argue that Mr. Clark's remaining opinions regarding the dismissed claims are irrelevant. (Doc. 129 at 7). However, Plaintiff stipulated to omitting the portions of Mr. Clark's testimony regarding the dismissed claims. (Doc. 177 at 4). Accordingly, this argument is moot, and Mr. Clark may not offer his opinion on the evidence regarding the dismissed claims.

Defendants next argue that testimony regarding whether the Sheriff's policies and customs were adequate and whether Deputy Farney was sufficiently trained is irrelevant to whether Deputy Farney used excessive force with Decedent. (Doc. 129 at 9). Plaintiff, however, has also agreed to not offer portions of Mr. Clark's opinion relating to "inadequate training or supervision." (Doc. 177 at 4). And Plaintiff acknowledges that whether Deputy Farney violated the Fourth Amendment is an issue for the jury to determine. (*Id.*) This portion of Defendants' argument is therefore moot, and Mr. Clark may not testify regarding inadequate training or supervision or offer an opinion on whether Deputy Farney violated the Fourth Amendment.

**4. Substitution of Expert Opinion for that of the Jury**

"[A]n expert witness cannot give an opinion as to [his] legal conclusion, i.e., an opinion on an ultimate issue of law," nor may an expert witness provide an opinion as to legal standards. *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017) (citation omitted); *Bahra v. Cnty. of San Bernardino*, No. EDCV-161756 JGB (SPx), 2021 WL 3914042, at *3 (C.D. Cal. June 24, 2021) (citation omitted). And "[t]his prohibition of opinion testimony on an ultimate issue of law recognizes that, 'when an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.'" *Id.* (citation omitted).

a. <u>Improper Opinion on Ultimate Issue of Liability</u>

Defendants argue that Mr. Clark improperly opines on the ultimate issue of Deputy Farney's liability. (Doc. 129 at 10–13). But Plaintiff agrees to refrain from offering

characterizations of Deputy Farney's tactics as "negligent" or that his conduct was "excessive or unreasonable, violated the law as taught by AZPOST, or reflected deliberate indifference." (Doc. 177 at 4). And Plaintiff concedes that he will not seek to admit Mr. Clark's statements regarding "reverence for life," deadly force as a last resort, and "subjective fear." (Doc. 177 at 11). Plaintiff will also not suggest that Deputy Farney was required to exhaust every alternative before using deadly force, offer "reverence for life" as a separate legal requirement or ask Mr. Clark to opine on Deputy Farney's personal regard for Decedent's life. (*Id.*). Once the opinions that Plaintiff concedes he will not inquire about are removed, the Court finds that Mr. Clark's testimony is not on the ultimate issue; and it will not be precluded as such.

b. <u>Improper Instruction on *Graham* Standard</u>

Defendants next argue that Mr. Clark "misstates the *Graham* standard for excessive force when he opines that '[r]everance for life is the foundation on which the use of deadly force rests. Deadly force is always the last resort used in the direst of circumstances.'" (Doc. 129 at 14 (citing Doc. 129-1 at 15)).

First, Defendants contend that Mr. Clark improperly "implies that an officer may use deadly force only if he has exhausted all non-lethal options." (*Id.* at 14). Plaintiff expressly states that he "will not offer the report's 'last resort' formulation to suggests that Deputy Farney was legally required to exhaust every alternative before using deadly force." (Doc. 177 at 11). Second, Defendants argue that Mr. Clark's opinions regarding "subjective fear" are not relevant to whether Deputy Farney's use of force was reasonable. (Doc. 129 at 14). Plaintiff agrees that "Mr. Clark will not diagnose . . . Deputy Farney's mental state," and that Mr. Clark's statements regarding "subjective fear" will not be offered "as instructions on the governing law." (Doc. 177 at 5, 11). Accordingly, this argument is also moot, and Mr. Clark may not offer expert opinion to diagnose Deputy Farney's mental state.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' *Daubert* Motion Re: Opinions of Roger Clark, (Doc. 129) is **DENIED**, and Roger Clark may offer his opinions from his report except that he may not offer any opinions that Plaintiff stipulated will not be elicited at trial as specified above.

**IT IS FURTHER ORDERED** that the parties no longer need to hold November 5, 2026, on their calendars for a *Daubert* hearing.

Dated this 29th day of October, 2026.

James A. Teilborg
Senior United States District Judge