WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Michael Rose, as personal representative for the estate of Bradley Rose and as personal representative on behalf of all statutory beneficiaries of Bradley Rose, deceased,

Plaintiff,

v.

Matthew Farney, et al.,

Defendants.

No. CV-22-08055-PCT-JAT

**ORDER**

Pending before the Court are the parties' motions in limine, the motions are fully briefed, and the Court rules as follows:

**IT IS ORDERED** that

Defendants' Motion in Limine #1, (Doc. 130), is **GRANTED** to the extent stipulated to by Plaintiff. The rest of the motion is **DENIED** in all other respects without prejudice to Defendants raising any appropriate objections at trial.

Defendants' Motion in Limine #2, (Doc. 131), is **GRANTED**.

Defendants' Motion in Limine #3, (Doc. 132), is **GRANTED**.

Defendants' Motion in Limine #4, (Doc. 133), is **GRANTED in part** only as to excluding evidence of Deputy Cardenas' prior shooting and use of force incidents and instances where Deputy Godfrey engaged in physical fights or used a taser. The rest of the motion is **DENIED** in all other respects without prejudice to Defendants raising any appropriate objections at trial.

Defendants' Motion in Limine #5, (Doc. 134), is **GRANTED**.[1]

Defendants' Motion in Limine #6, (Doc. 135), is **GRANTED in part**. It is granted to the extent that Plaintiff may not question Defendant Farney's supervisors regarding his conduct if the answer to the questions calls for expert opinion. The rest of the motion is **DENIED** in all other respects without prejudice to Defendants raising any appropriate objections at trial.

Defendants' Motion in Limine #7, (Doc. 137), is **GRANTED**.

Defendants' Motion in Limine #8, (Doc. 138), is **GRANTED in part** only as to excluding evidence of other deputies' post-shooting handcuffing of Bradley Rose and their decision not to discuss the shooting with each other. The rest of the motion is **DENIED** in all other respects without prejudice to Defendants raising any appropriate objections at trial.

Defendants' Motion in Limine #9, (Doc. 139), is **GRANTED in full** except to the extent that other deputies' history as a whole could establish a witness' reputation for truthfulness or lack thereof.

Defendants' Motion in Limine #10, (Doc. 140), is **GRANTED in part** as to what training the deputies other than Defendant Farney received on mental health. It is **DENIED** in all other respects without prejudice to Defendants raising any appropriate objections at trial regarding what information about Bradley Rose's mental state was communicated to Defendant Farney.

Defendants' Motion in Limine #11, (Doc. 141), is **GRANTED in part** as to excluding evidence that Deputy Cardenas was placed on the *Brady* list, evidence of the specific prior acts enumerated in the motion (*see id.* at 2–3), and to the extent Deputy Cardenas' history as a whole does not establish a reputation for truthfulness or lack thereof. The rest of the motion is **DENIED** in all other respects without prejudice to Defendants

[1] In Defendants' reply to their motion in limine #6, they argue that testimony regarding whether Defendant Farney's conduct violated any department policy does not bear on whether his use of force was excessive. (Doc. 191 at 3). To clarify, Plaintiff may not question Defendant Farney or his supervisors regarding whether he violated the body worn camera policy for the Mohave County Sheriff's Office.

raising any appropriate objections at trial.

Plaintiff's Motion in Limine #1, (Doc. 144), is **GRANTED**.

Plaintiff's Motion in Limine #2, (Doc. 145), is **GRANTED**.

Plaintiff's Motion in Limine #3, (Doc. 146), is **GRANTED**.

Plaintiff's Motion in Limine #4, (Doc. 147), is **GRANTED in part**, excluding evidence regarding Bradley Rose's driving behavior that Defendant Farney did not know of or observations, perceptions, and reactions of other deputies that Defendant Farney did not know of. The rest of the motion is **DENIED** in all other respects without prejudice to Plaintiff raising any appropriate objections at trial.

Plaintiff's Motion in Limine #5, (Doc. 148), is **GRANTED**.

Dated this 4th day of November, 2026.

James A. Teilborg
Senior United States District Judge