**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael Rose, as personal representative for the estate of Bradley Rose and as personal representative on behalf of all statutory beneficiaries of Bradley Rose, deceased,<br><br>Plaintiff,<br><br>v.<br><br>Matthew Farney, et al.,<br><br>Defendants. | No. CV-22-08055-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Sheriff Schuster's motion to withdraw his affirmative defense under Arizona Revised Statute ("A.R.S.") § 12-820.05. (Doc. 143). Plaintiff responded, (Doc. 176), and Sheriff Schuster replied, (Doc. 185). The Court also considers Defendants' motion in limine #12. (Doc. 142). The Court now rules.

## I. BACKGROUND

In April 2022, Plaintiff filed suit against Sheriff Schuster and Mohave County Deputies Cardenas, Farney, Godfrey, and Shrader, raising a number of federal and state law claims arising out of the deadly shooting of Bradley Rose ("Decedent"). (Doc. 1 at 9–16). After this Court granted summary judgment as to all of Plaintiff's federal claims (Doc. 99), Plaintiff appealed, (Doc. 102), and the Ninth Circuit Court of Appeals reversed in part this Court's grant of summary judgment in favor of Defendant Farney on Plaintiff's § 1983 excessive force claim and Plaintiff's § 1983 failure to train claim against Sheriff Schuster (Doc. 107-1 at 2, 5).

Sheriff Schuster then moved for summary judgment as to the § 1983 failure to train claim[1] and the state vicarious liability battery claim. (Doc. 117 at 1). For the first time, Sheriff Schuster argued that Plaintiff's state law vicarious liability claim was barred by A.R.S. § 12-820.05. (*Id.* at 11). This Court granted his motion as to the § 1983 failure to train claim but denied the motion on the state law vicarious liability battery and vicarious liability wrongful death claims against Sheriff Schuster. (Doc. 124 at 20). Sheriff Schuster now moves to withdraw his affirmative defense under A.R.S. § 12-820.05. (Doc. 143 at 1).

## I. DISCUSSION

The Court notes that by withdrawing his affirmative defense under A.R.S. § 12-820.05, Sheriff Schuster concedes liability upon a finding that Defendant Farney is liable, which would, on its face, benefit Plaintiff. However, by withdrawing this affirmative defense, any evidence that Schuster had actual knowledge that Defendant Farney committed an act or acts in the past that were similar to the harm suffered by Decedent, is no longer relevant. *See* A.R.S. 12-820.05; *Tucson Unified Sch. Dist. v. Borek ex rel. Cnty. of Pima*, 322 P.3d 181, 184–85 (Ariz. Ct. App. 2014) (actual knowledge); *Fernandez v. City of Phoenix*, CV 11-02001-PHX-FJM, 2012 WL 2343621, at *5 (D. Ariz. June 20, 2012) (similar acts). Presumably, Plaintiff objects to the withdrawal of the affirmative defense because he wants to admit evidence of Defendant Farney's prior acts and argue that Defendant Farney's prior acts show a propensity for excessive force. Conversely, Defendants want to keep Defendant Farney's prior acts evidence out at trial. (*See* Doc. 142).

Sheriff Schuster argues amendment is proper under Federal Rule of Civil Procedure ("Rule") 15(a). (Doc. 143 at 1–2). In support, he argues good cause exists because after summary judgment was granted on Plaintiff's § 1983 failure to train against him, he reconsidered his defense and reasoned that withdrawing this affirmative defense will "simplify [the] issues for trial including areas of evidence, witnesses, jury instructions, and potential length of trial." (*Id.* at 2). Further, he argues that withdrawing this affirmative

[1] This motion was on different grounds than that covered by the Ninth Circuit Court of Appeals mandate.

defense will not prejudice Plaintiff and will in fact benefit Plaintiff "by avoiding a vicarious liability defense by [Defendant] for [Defendant] Farney's conduct on the associated state law claim set for trial." (*Id.*)

Plaintiff contends that Sheriff Schuster has neither established good cause nor appropriately moved the Court to modify the scheduling order. (Doc. 176 at 1). Plaintiff argues this motion comes four years after the start of litigation, and Sheriff Schuster fails to identify any new evidence or intervening law to justify withdrawing his affirmative defense. (*Id.* at 2–3). Sheriff Schuster counters that "it was only after the Court granted summary judgment on the § 1983 claim[] against Sheriff Schuster . . . did it become appropriate to withdraw the defense," and therefore, he only waited a little more than two months before moving to withdraw it. (Doc. 185 at 3 n.1).

**A. Legal Standard**

Generally, Rule 15(a) governs a motion to amend pleadings to add claims or parties. But because Sheriff Schuster filed his motion after the scheduling order's deadline for amended pleadings, an additional showing of "good cause" under Rule 16 is required. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). With respect to the interplay between Rules 16 and 15(a), a party "must first show 'good cause'" under Rule 16 and then "must demonstrate that amendment was proper under Rule 15." *Id.* at 608 (citation omitted); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If [the court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.").

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 609. Although the Court "may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension,'" "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609 (citation omitted). In seeking leave to modify the Rule 16 order to allow amendment, the movant has the burden of establishing

good cause within the meaning of that Rule. *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

**B. Analysis**

To begin, the parties assume Rule 16 is the relevant rule to allow Sheriff Schuster to withdraw this affirmative defense. However, upon the Court's review of the record, Sheriff Schuster never raised this affirmative defense in his answer. (*See* Doc. 14). Instead, Sheriff Schuster raised this affirmative defense for the first time in his partial motion for summary judgment filed on April 29, 2026. (Doc. 117 at 11–12). At the time, Plaintiff neither argued nor demonstrated that he was prejudiced by Sheriff Schuster's failure to raise this affirmative defense earlier. And so, the Court considered this affirmative defense when ruling on Sheriff Schuster's motion for partial summary judgment. *See Magana v. Commonwealth of the N. Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997) (permitting a party to raise an affirmative defense for the first time at summary judgment provided the other party is not prejudiced); (Doc. 124 at 15–20).

However, because Sheriff Schuster never raised this affirmative defense in his answer, it is unclear to the Court whether Rule 16 applies here. Nevertheless, to the extent that raising this affirmative defense in Sheriff Schuster's motion for partial summary judgment "asserted" it in his answer, the Court finds good cause to allow him to withdraw it.[2]

The parties cite competing case law to argue whether moving to withdraw an affirmative defense to simplify issues for trial establishes good cause under Rule 16. Sheriff Schuster argues that under *Villarreal v. McCully*, No. 2:19-cv-00664-BJR, 2020 WL 1689734, at *2 (W.D. Wash. Apr. 7, 2024), Plaintiff will not suffer prejudice because Sheriff Schuster wants to withdraw rather than add a defense. (Doc. 143 at 2). He further argues that like the party in *C.F. ex rel. Farnon v. Capistrano Unified School District*, 654

[2] Plaintiff correctly points out that Sheriff Schuster did not specifically request that the Court modify its scheduling order. (Doc. 176 at 1). Nevertheless, this Court will follow the approach endorsed in *Johnson* and construe his filing as a motion to modify the scheduling order under Rule 16. *See Morgal*, 284 F.R.D. at 459 n.4 (construing a motion for leave to amend as a request to modify the court's scheduling order).

F.3d 975 (9th Cir. 2011), he satisfied Rule 16's good cause requirement because this Court's grant of summary judgment "changed the landscape of claims . . . [and] [t]he withdrawal is not made in bad faith or for any dilatory purpose." (Doc. 185 at 3). Conversely, Plaintiff argues that like the court in *Gillespie v. Eslner*, No. 2:22-cv-00322, 2023 WL 6628825, at *4 (S.D. W. Va. Oct. 11, 2023), this Court should apply the diligence standard in *Johnson*, 975 F.2d at 609, and find no good cause to grant Sheriff Schuster's motion. (Doc. 173 at 3).

Rule 16(b)'s good cause standard considers the "diligence of the [movant]" and is satisfied when the pretrial schedule "cannot reasonably be met despite the" movant's diligence. *Johnson*, 975 F.2d at 609. Here, the deadline to file a motion to amend the answer was set for November 11, 2022. (Doc. 23 at 1). This case has a four-year long procedural history, with two rounds of summary judgment and a partial reversal from the Ninth Circuit Court of Appeals. The Court did not deny Sheriff Schuster's partial motion for summary judgment until July 2026. (Doc. 124).

Additionally, there is no set amount of time that a party must move for leave to amend after learning information that amounts to good cause. *See Am. Fence Co. Inc., et al., Plaintiffs v. Am. Fence Co. LLC, Defendant*, No. CV-24-01759-PHX-GMS, 2026 WL 2935839, at *2 (D. Ariz. Sept. 30, 2026) (collecting cases). And permitting Sheriff Schuster to withdraw this affirmative defense will not require any additional discovery or cause delay. *See C.F. ex rel. Farnan*, 654 F.3d at 984 (holding there was good cause to allow amendment where no additional discovery was required and no delay ensued).

As a result, assuming Rule 16 applies to an affirmative defense asserted for the first time on summary judgment, the Court finds good cause to allow an "amendment" to the pleadings in this case after the scheduling order deadline. Further, Rule 15 is also satisfied to the extent it applies.

Moreover, as a practical matter, Plaintiff would not be able to present evidence of Defendant Farney's prior acts (prior acts are discussed in detail at Doc. 124 at 15–20), in his case in chief. Instead, only after Defendants put on evidence in their case of a claimed

lack of knowledge of propensity evidence by Defendant Schuster, would Defendant Farney's prior acts become relevant. The Court sees no method by which it could force Defendant Schuster to put on evidence of lack of knowledge in his case so that Plaintiff could rebut it. This practical reality further supports this Court's conclusion that it is for the Defendants to decide whether to assert (and put on evidence supporting) any affirmative defense.

## II. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Sheriff Schuster's Motion to Withdraw Affirmative Defense Under A.R.S. § 12-820.05, (Doc. 143), is **GRANTED.**

**IT IS FURTHER ORDERED that** Defendants' Motion in Limine #12, (Doc. 142), is **GRANTED**.

Dated this 4th day of November, 2026**.**



James A. Teilborg
Senior United States District Judge